UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BG STRATEGIC ADVISORS, LLC,

    Plaintiff,

vs.

FREIGHTHUB, INC.,

    Defendant.

Case No.:

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant FreightHub, Inc. ("FreightHub" or "Defendant") hereby removes the above-captioned state court action styled *BG Strategic Advisors, LLC v. FreightHub, Inc.*, Case No.: 50-2021-CA-000381, from the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Circuit Court") to the United States District Court for the Southern District of Florida, West Palm Beach Division, and, in support thereof, states as follows:

### NATURE OF THE ACTION

1. This action was commenced via the filing of a summons ("Summons") and complaint ("Complaint") in the Circuit Court on January 11, 2021 by plaintiff BG Strategic Advisors, LLC ("BGSA" or "Plaintiff"). A true and correct copy of the Summons and Complaint, as filed on the docket in the Circuit Court proceeding, are attached as **Exhibit A** hereto.

2. The action is now pending in the Circuit Court under Florida civil case number 50-2021-CA-000381-XXXX-MB (AN).

3. BGSA brings state law claims against FreightHub for alleged breach and anticipatory breach of a written engagement letter, seeking damages and other unspecified relief.

4. The engagement letter appended by BGSA to its Complaint states in relevant part: "The parties agree and consent to personal jurisdiction, service of process

1

and venue in the Circuit Court in Palm Beach County, Florida or the Federal Court of the southern district of Florida for purposes of any action, suit or proceeding arising out of or relating to this Agreement."

5. On January 14, 2021, BGSA filed a motion in the Circuit Court (the "Motion for Process Server") seeking to authorize agents to effect service of process on FreightHub.

6. On January 15, 2021, the Circuit Court issued an order (the "Order Appointing Process Server") authorizing such agents to effect service.

7. On January 22, 2021, BGSA filed documents in the action (the "Return of Service") purporting to show service of process by delivery of the Summons and Complaint on FreightHub on January 20, 2021 via Defendant's registered agent in the State of Delaware.

8. Defendant was not aware of the pending action or in receipt of any of Plaintiff's initial pleadings or papers in the action prior to January 20, 2021. Defendant is not aware of receiving any documents served upon its registered agent and, as such, has also attached the civil cover sheet, filing receipt, Motion for Process Server, Order Appointing Process Server, and Return of Service, as filed on the docket in the Circuit Court proceeding, as **Exhibit B** hereto.

9. Defendant has not appeared, answered or otherwise responded in the action.

10. To Defendant's knowledge there have been no further orders, proceedings or relief granted or requested in the action.

## DIVERSITY JURISDICTION

11. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.

### Complete Diversity of the Parties

12. Plaintiff BGSA is a citizen of the State of Florida. BGSA is a limited liability company organized under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida. BGSA's address is 525 South Flagler Drive, Suite 200, West Palm Beach, Florida 33401.

13. Defendant FreightHub is a citizen of the States of Delaware and Texas. FreightHub is a corporation organized under the laws of the State of Delaware with its

principal place of business in the United States located in Montgomery County, Texas. FreightHub's address is 2001 Timberloch Place, Suite 500, The Woodlands, Texas 77380. Its foreign headquarters is located in Monterrey, Mexico. It is not a citizen of Florida.

14. BGSA and FreightHub are completely diverse. They were completely diverse at the time of BGSA's filing of the Complaint, and remain completely diverse as of the filing of this notice.

15. There are no co-defendants or other parties named in the action.

16. The action is not a class action.

**Amount in Controversy**

17. BGSA's complaint seeks damages of an unspecified sum.

18. BGSA's complaint references damages "in excess of thirty thousand dollars ($30,000.00) exclusive of interest, attorneys' fees, and litigation costs."

19. The reference in the Complaint to damages in excess of "thirty thousand dollars" is not the amount in controversy between the parties. "Thirty thousand dollars" refers instead to the minimum jurisdictional threshold of the Florida circuit courts. Fla. Stat. §§ 26.012(2)(a), 34.01(c)(2).

20. Florida state practice "permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii).

21. The real amount in controversy between the parties is well in excess of seventy-five thousand dollars ($75,000).

22. To wit, BGSA alleges entitlement to several fees in the Complaint. One such alleged fee is a "Success Fee equal to three percent (3%) of Freighthub's (or successor entity's) total enterprise value at the time of Freighthub's anticipated merger next year."

23. The declaration of Paul Freudenthaler, FreightHub's Chief Financial Officer, in support of removal ("Declaration"), is attached hereto as **Exhibit C**.

24. As evidenced by the Declaration and its exhibits, FreightHub's "total enterprise value" in the event of the anticipated merger referenced in the Complaint remains contingent and uncertain, but is reasonably expected to be millions of dollars.

25. The pre-merger valuation stated for FreightHub in a December 31, 2020 SEC filing by the anticipated purchaser of FreightHub's securities in the event of merger is sixty million dollars ($60,000,000).

3

26. A three percent (3%) fee calculated on the basis of this valuation, as sought pursuant to BGSA's Complaint, exceeds seventy-five thousand dollars.

27. BGSA further alleges that it has not fully received, and is entitled to, a retainer fee "equal to 8% of the fully-diluted equity of [FreightHub's] stock" based upon the closing of a multi-million dollar November 2018 transaction, and an additional "Success Fee" in connection with that transaction.

28. BGSA further alleges that it is entitled to "Success Fees" for "several more" unspecified transactions.

29. If all such fees were due and owing to BGSA, taken together they would easily exceed seventy-five thousand dollars.

30. FreightHub denies any and all damages and liability to BGSA, whether based on the above fees or any other basis or theory of recovery.

31. All amounts sought by BGSA are therefore "in controversy" between the parties.

**BASIS FOR REMOVAL**

32. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action for which the district courts of the United States have original jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending."

33. Jurisdiction exists in this Court on the basis of 28 U.S.C. § 1332.

34. The Circuit Court in which the action is now pending is located in the Southern District of Florida's federal judicial district pursuant to 28 U.S.C. § 89.

35. Fewer than thirty (30) days have elapsed since Defendant's receipt of the Complaint or other papers in the action, whether through service of process or otherwise.

36. Less than one (1) year has elapsed since Plaintiff commenced this action.

37. This Notice of Removal meets all of the requirements for removal stated in 28 U.S.C. § 1446 and otherwise.

38. By virtue of all of the foregoing, defendant FreightHub may and hereby does remove this action from the Circuit Court to the United States District Court for the Southern District of Florida.

39. By so removing this action, Defendant does not waive or otherwise relinquish any claims or defenses available to it, and does not admit any of the allegations in the Complaint.

40. Accompanying this Notice is a copy of all process, pleadings and orders served by or upon Defendant in this action, consisting of Plaintiff's Summons, Complaint, civil cover sheet and filing receipt; Plaintiff's January 14, 2021 Motion to Appoint a Process Server; the Circuit Court's January 19, 2021 Order Appointing a Process Server; and a Return of Service filed by Plaintiff on January 22, 2021.

41. Plaintiff's counsel and the Circuit Court shall promptly be furnished written notice that this Notice of Removal has been filed, along with a copy of such notice and its exhibits.

**WHEREFORE**, Defendant prays that this Notice of Removal be accepted as sufficient and the action so removed.

February 09, 2021

Respectfully submitted,

SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
fmenendez@sequorlaw.com
Telephone:   (305) 372-8282
Facsimile:   (305) 372-8202

By:   */s/ Fernando J. Menendez*
      Fernando J. Menendez
      Florida Bar No.: 18167

*Attorneys for Defendant FreightHub, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case on February 9, 2021.

*/s/ Fernando J. Menendez*
Fernando J. Menendez