# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

BG STRATEGIC ADVISORS, LLC, a Florida
limited liability company,

      Plaintiff,

vs.

CASE NO.: 9:21-CV-80299-WMM

FREIGHTHUB, INC., a Delaware corporation,

      Defendant.

_____/

## FIRST AMENDED COMPLAINT[1]

Plaintiff, BG Strategic Advisors, LLC ("BGSA" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, FreightHub, Inc. ("FreightHub" or "Defendant"), and in support thereof states as follows:

## BRIEF INTRODUCTION

1. Plaintiff BGSA is a Florida-based Merger and Acquisition advisory firm that specializes in providing strategy-led M&A advisory services for companies in the supply chain sector.

2. Defendant FreightHub is a cross-border shipping company that sought the services of Plaintiff BGSA. This case stems from Defendant FreightHub's blatant breaches of a duly executed agreement between the Parties.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff BGSA is a Florida limited liability company conducting business in Palm Beach County, Florida, with its principal place of business located in Palm Beach County, Florida.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(2), this First Amended Complaint is being filed with the written consent of counsel for FreightHub.

[2106395/1]                                             1

4. Defendant FreightHub is a Delaware corporation conducting business in Palm Beach County, Florida.

5. Jurisdiction of this Court arises under 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. Further, as Stipulated between the Parties (D.E. 6), BGSA is a citizen of the State of Florida and FreightHub is a citizen of the States of Delaware and Texas.

6. BGSA is a single-member LLC held by BGSA Holdings LLC. BGSA Holdings LLC is held by (i) the Benjamin Gordon Revocable Trust and (ii) the Elizabeth Gordon Irrevocable Children's Trust. Benjamin Gordon is the Trustee of the Benjamin Gordon Revocable Trust and is a citizen of the State of Florida. Michael Daszkal is the Trustee of the Elizabeth Gordon Irrevocable Children's Trust and is a citizen of the State of Florida. Thus, BGSA is deemed to be a Florida citizen for diversity purposes.

7. FreightHub is a corporation organized under the laws of the State of Delaware with a domestic principal place of business in Texas. Thus, it is deemed to be a Delaware and Texas citizen for diversity purposes.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the agreement at issue places venue and payment under that agreement is due to BGSA in this venue. Thus, this is the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

9. At all times herein, the effects of the conduct of FreightHub, complained of below, occurred in the Southern District of Florida.

## **GENERAL ALLEGATIONS**

A.  THE AGREEMENT

10. On December 11, 2017, BGSA and FreightHub entered into an Engagement Agreement ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

11. Pursuant to the Agreement, BGSA was engaged to act as FreightHub's exclusive advisor in connection with one (1) or more business transactions.

12. Pursuant to the Agreement, BGSA is entitled to three (3) distinct compensation components:

(i) **A Retainer:** equal to eight percent (8%) of the fully-diluted equity of the Company's stock based on the total capitalization as of the date of the closing of the next "Transaction" as defined in the Agreement. The Retainer Fee was to take the form of a stock issuance "equal to 8% of the fully-diluted equity of [FreightHub's] stock, based on the total capitalization as of the date of the closing of the next Transaction."

(ii) **A Success Fee**: following the consummation of *any* Transactions, in amount equal to (a) 10% of the capital raised, loans or investments, payable through cash (7%) and fully-diluted equity (3%); or (b) 3% of the Company's total enterprise value for any sale, merger, or change of control. This fee was payable if a Transaction consummated during or within the twelve (12) months following the expiration of the Agreement, regardless of whether it was consummated with or without BGSA's help;

    (iii)    **Expense Reimbursement**: BGSA was entitled to reimbursement of its expenses; and

    (iv)    **Continued Engagement**: In addition, if the Company consummated a Transaction by December 11, 2018 (it did), FreightHub was to appoint BGSA as its ongoing advisor, and compensate BGSA under the same terms as dictated above.

13. At all times material hereto, BGSA was a registered broker-dealer with both the Securities and Exchange Commission (the "SEC") and the Financial Institution Regulatory Authority ("FINRA").

14. At all times material hereto, in addition to being registered as a broker-dealer with the SEC and FINRA as a firm, BGSA also employed an individual registered broker-dealer.

B. **FREIGHTHUB BREACHED THE AGREEMENT**

15. In January of 2020, FreightHub issued eighty thousand (80,000) shares of stock to BGSA Holdings, LLC (BGSA's parent company) in compliance with FreightHub's obligations to BGSA under the Agreement, acknowledging both the validity of the Agreement and the consummation of a Transaction. A true and correct copy of the letter and stock certificate is attached hereto as **Exhibit B**.

16. Unfortunately, however, BGSA believes, and, therefore, alleges, that FreightHub's issuance of stock did not equate to eight percent (8%) of the fully diluted equity.

17. In addition, BGSA believes, and, therefore, alleges, that the eighty thousand (80,000) shares of stock were of a lower class than those issued in the Transaction that proved the issuance.

18. However, despite BGSA's repeated requests, FreightHub has refused to provide any supporting documentation or data that the issued shares equated to eight percent (8%) of the

fully diluted equity of FreightHub's stock based on the total capitalization as of the date of the closing of the next Transaction, which took place in November of 2018. In addition, FreightHub unilaterally decided to issue the stock as common stock, sitting underneath newly issued preferred stock, which would be entitled to a three hundred and fifty percent (350%) return before the common stock would be worth anything at all. This had the effect of destroying the value of the stock FreightHub had promised and owed to BGSA.

19. Importantly, BGSA is entitled to this information based on the Agreement—to determine the sufficiency and compliance of the issuance.

20. Despite acknowledging the validity of the Agreement and the consummation of at least two (2) prior Transactions, FreightHub failed to properly pay BGSA's Success Fees. This includes Success Fees for Transactions that consummated in or around November of 2018, October of 2020, and several more.

21. Again, however, FreightHub did, on one (1) occasion, pay a Success Fee of sixteen thousand three hundred and sixty dollars ($16,360), acknowledging the validity of the Agreement and their responsibility for paying Success Fees. Nevertheless, FreightHub refuses to pay the remaining Success Fees due and owing.

22. Moreover, FreightHub acknowledged the consummated Transactions that occurred during the Agreement's initial term (it issued stock based upon one of them), but unilaterally decided not to engage BGSA as a continuing advisor.

23. Instead, FreightHub improperly decided that BGSA's involvement with the Company ended in November of 2018. This is simply not so.

24. Instead, this is, yet again, another breach of the Agreement. If not extended by the successful consummation of a Transaction (which it was in 2018), the Agreement would have expired, at the earliest, on December 11, 2018.

25. Because there was a consummated Transaction, the Agreement extended and, by the unambiguous terms of the Agreement, BGSA was to become FreightHub's ongoing advisor to be terminated for cause only.

26. FreightHub had the right to terminate the Agreement, "but only for cause."

27. "Cause" in the Agreement means:

> (i) an intentional act of fraud by BGSA; (ii) an intentional and continued breach of BGSA's material obligations under this agreement; (iii) BGSA failing to be a registered broker-dealer, or (iv) intentional and continued willful conduct by BGSA that is demonstrably and materially harmful to the Company. For purposes of this paragraph, an act, or a failure to act, shall not be deemed willful or intentional, as those terms are defined herein, unless it is done, or omitted to be done, in bad faith and without a reasonable belief that BGSA's actions were in the best interest of the company. Failure to meet objectives, by itself, does not constitute "Cause."

28. However, no termination for cause existed.

29. Indeed, if Defendant FreightHub believed that BGSA committed an act justifying termination for Cause, it was contractually required to give BGSA written notice and an opportunity to cure. *See* Exh. A.

30. No such notice was given, written or otherwise, and, therefore, no opportunity to cure was provided.

31. In reality, FreightHub is simply doing everything that it can to avoid paying BGSA its Success Fee for Transactions past and future.

32. BGSA, for example, is entitled to a Success Fee equal to three percent (3%) of FreightHub's (or a successor entity's) total enterprise value at the time of FreightHub's anticipated merger—FreightHub has made very clear it will not pay any Success Fee to BGSA for this Transaction.

33. FreightHub breached the Consulting Agreement.

34. All conditions precedent to the filing of this action have been completed, waived, or otherwise satisfied.

35. BGSA has had to engage undersigned counsel at expense to BGSA in order to litigate this case.

## COUNT I
## BREACH OF AGREEMENT

Plaintiff BGSA reaffirms, realleges, and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein.

36. BGSA and the FreightHub entered into the Agreement. *See* Exhibit A.

37. All conditions precedent to FreightHub's performance of its obligations under the Agreement have been satisfied, including any actions or performances required by BGSA.

38. Defendant FreightHub breached the Agreement by, without limitation, (i) failing to properly pay or account for the retainer fee; (ii) failing to pay the success fee and expressly indicating its refusal to pay future success fees; and (iii) failing to engage and/or refusing to acknowledge and compensate BGSA as its ongoing advisor.

39. As a result of Defendant FreightHub's breaches, BGSA has suffered substantial damages.

**WHEREFORE**, Plaintiff, BG Strategic Advisors, LLC, requests that this Honorable Court enter judgment in its favor and against Defendant FreightHub, Inc., awarding Plaintiff damages,

pre- and post-judgment interest, reasonable attorneys' fees, and litigation costs pursuant to the Agreement and applicable law; and such other and further relief as the Court deems proper.

## COUNT II
## ANTICIPATORY BREACH OF AGREEMENT
**(**Anticipatory Repudiation**)**

Plaintiff BGSA reaffirms, realleges, and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein.

40. BGSA and the FreightHub entered into the Agreement. *See* Exh. A.

41. All conditions precedent to FreightHub's performance of its obligations under the Agreement have been satisfied, including any actions or performances required by BGSA.

42. FreightHub anticipatorily breached the Agreement by, without limitation, expressly indicating its refusal to pay future success fees, specifically, for FreightHub's upcoming merger in 2021.

43. As a result of FreightHub's breaches, BGSA has or will inevitably suffer substantial damages.

**WHEREFORE**, Plaintiff, BG Strategic Advisors, LLC, requests that this Honorable Court enter judgment in its favor and against Defendant FreightHub, Inc., awarding Plaintiff damages, reasonable attorneys' fees and litigation costs pursuant to the Agreement and applicable law; and such other and further relief as the Court deems proper.

## COUNT III
## DECLARATORY JUDGMENT

Plaintiff BGSA reaffirms, realleges, and incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

44. This is an action for declaratory relief, pursuant to Chapter 86, Florida Statutes, and 28 U.S.C. § 2201.

45. BGSA contends that the Agreement is a valid, binding, and enforceable contract, to which FreightHub must adhere to now and into the future.

46. Shockingly, FreightHub disputes these allegations and contends that the Agreement violated public policy.

47. Further, FreightHub claims that it validly terminated the Agreement in November 2018.

48. Accordingly, there exists a bona-fide, actual, present, practical need for declaratory relief by this Court as follows:

   a. First, with respect to whether the Agreement is valid;

   b. Second, with respect to whether the Agreement remains in force;

   c. Third, with respect to whether FreightHub could unilaterally terminate the Agreement without "cause"; and

   d. Fourth, whether BGSA continues to be entitled to performance under the Agreement.

49. The relief sought by BGSA concerns a present ascertainable set of facts for declaratory relief.

50. The rights and privileges of BGSA are dependent on the Court's application of the law to the particular circumstances set forth in this action.

51. Moreover, FreightHub has an actual, present, adverse, and antagonistic interest to BGSA.

52. The antagonistic and adverse parties are all before the Court by proper process, and the relief requested herein by BGSA would not constitute the Court merely giving legal advice or otherwise answering questions propounded from curiosity.

WHEREFORE, Plaintiff, BG Strategic Advisors, LLC, respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendant FreightHub, Inc. for the following:

a. declaring that the Agreement is, in fact, valid;

b. declaring that the Agreement is valid, binding, and enforceable;

c. declaring that the Agreement has not been properly terminated;

d. awarding litigation expenses and costs of suit; and

e. awarding such further relief as the Court deems just and proper.

Respectfully submitted this 7th day of July, 2021, by:

| | |
|---|---|
| CONSUMER LAW ORGANIZATION, P.A.<br>721 U.S. Highway 1, Suite 201<br>North Palm Beach, FL 33408<br>Main: (561) 822-3446<br>Fax: (305) 574-0132<br>Email: dennis@cloorg.com<br><br>By: */s/ J. Dennis Card, Jr.*<br>    J. DENNIS CARD JR., ESQ.<br>    Florida Bar No. 487473 | ZEBERSKY PAYNE SHAW LEWENZ, LLP<br>110 SE 6th Street, Suite 2900<br>Fort Lauderdale, FL  33301<br>Telephone: (954) 989-6333<br>Facsimile:  (954) 989-7781<br>Primary Email:    jshaw@zpllp.com;<br>zludens@zpllp.com<br>Secondary Email: mperez@zpllp.com;<br>medmonson@zpllp.com<br><br>By:  */s/ Zachary D. Ludens*<br>    JORDAN A. SHAW, ESQ.<br>    Fla. Bar No. 111771<br>    ZACHARY D. LUDENS, ESQ.<br>    Fla. Bar No. 111620 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's CM/ECF system, which generated notices of electronic filing on all counsel of record.

*/s/ Zachary D. Ludens*